UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARLOS BRITO, Individually,                  :
                                             :
            Plaintiff,                       :
                                             :
vs.                                          :     Case No.
                                             :
ELDAR LIMITED COMPANY, a Florida Limited     :
Liability Company, LE DONG CORPORATION, a    :
Florida Corporation, dba Ginza Japanese Buffet, and :
BEST LIGHT, LLC, a Florida Limited Liability :
Company, dba 4U Lighting and Design,         :
                                             :
            Defendants.                      :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, CARLOS BRITO, Individually, on his behalf and on behalf of all other mobility

impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the

Defendants, ELDAR LIMITED COMPANY, a Florida Limited Liability Company, and LE

DONG CORPORATION, a Florida Corporation, dba Ginza Japanese Buffet, and BEST LIGHT,

LLC, a Florida Limited Liability Company, dba 4U Lighting and Design, (sometimes referred to

as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant

to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.      Plaintiff, Carlos Brito, is an individual residing at 8830 SW 123rd Court, Apt.

I-208, Miami, FL 33186, in the County of Miami-Dade.

    2.      The properties involved are the Shopping Center, located at 16101 Biscayne Blvd.,

North Miami Beach, FL 33160, and the respective tenant spaces referenced herein, and are in the

County of Miami-Dade.

3.      Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.   The Defendants' property is located in and the Defendants do business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Carlos Brito, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.   Mr. Brito relies on a manual wheelchair for mobility.

6.      Mr. Brito is regularly in the North Miami Beach area where the subject shopping center and the referenced tenants are located.   The subject properties are located on Biscayne Boulevard, very near N.E. 163rd Street, both major commercial streets in the North Miami-North Miami Beach area.   He is regularly in the area as part of his job as an Uber driver, and one of his attorneys, the Law Firm of Fuller, Fuller & Associates, P.A., has its offices nearby in North Miami, FL.   He often eats in the area and takes advantage of the vast variety of restaurants that are offered in the area, and he enjoys the shopping in the general area and nearby Aventura Mall.   He also goes to the area in conjunction with his work in advocating access to the disabled to public accommodations.

7.      Mr. Brito has been to the subject shopping center and the named tenants numerous times.   On August 18, 2020, he went to the property to shop and to confirm with an ADA expert that the property and the named tenants are operating in violation of the ADA.   Mr. Brito intends to return to the subject property in the near future as a consumer and to confirm that the properties are brought into compliance.

8.      Defendants own, lease, (or lease to), or operate a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to, is a Shopping Center, and is located at 16101 Biscayne Blvd., North Miami Beach, FL 33160, and the respective tenant spaces therein.

9.     Carlos Brito has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Carlos Brito desires to visit the subject shopping center and the respective tenants, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.     The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Shopping Center has shown that violations exist. These violations, that Carlos Brito has personally encountered or observed include, but are not limited to:

3

A.   **As to Defendant Eldar Limited Company**

**PARKING**

1.   The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2.   The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**ENTRANCE ACCESS AND PATH OF TRAVEL**

1.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2.   The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

4.   The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.    **As to Defendant Eldar Limited Company Only**

**TAIWAN ICE**

**Entrance Access and Path of Travel**

1.    The Plaintiff could not traverse through areas of the store, as the required 36" path isn't provided due to objects that obstruct the path of travel. Violation: There isn't a continuous path of travel connecting all essential elements of the store, in violation of Sections 4.2.1 & 4.3.3 of the ADAAG, 28 CFR 36.211, and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms**

1.    There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

2.    The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

4.    The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

5.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 1½' below a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26.2 of the ADAAG and Section and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

6.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

7.    The Plaintiff could not use the toilet paper dispenser as the rolls of toilet paper were located on the rear grab bar. Violation: The toilet paper dispenser is not maintained violating 28 CFR 36.211 of the ADAAG and 2010 ADA Standards, whose resolution is readily achievable.

C.    **As to Defendants Eldar Limited Company and Le Dong Corporation**

**GINZA JAPANESE BUFFET**

1.    The Plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: the tables do not provide the required knee height and/or depth ranges in Violation of Section 4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms**

1.    The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is obstructed by the trash can. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Sections 404.2.4 and 36.211 of the 2010 ADA Standards, whose resolution is readily achievable.

2.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 1½" below a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26.2 of the ADAAG and Section and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3.    The Plaintiff could not use the grab bars without assistance as the soap dispenser is mounted over the side grab bar obstructing its use. Violation: There are items mounted over the grab bars obstructing their use and in violation of Section 4.17 of the ADAAG and Sections 604.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

5.    The Plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

6.    The Plaintiff had difficulty using the toilet paper dispenser as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted at a compliant location in violation of Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

7.    The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**D.    As to Defendants Eldar Limited Company and Best Light, LLC**

**4U LIGHTING AND DESIGN**

**Public Restrooms**

1.    The Plaintiff could not transfer to the toilet without assistance, as the grab bars are mounted at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2.    The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3.    The Plaintiff had difficulty accessing the lavatory as the required clear floor space was not provided. Violation: The required clear floor space to access the lavatory is not provided in violation of Section 4.24 of the ADAAG, whose resolution is readily achievable.

4.    The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

E.    **As to Defendant Eldar Limited Company**

**MAIN SQUEEZE JUICE BAR**

1.    The Plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2.    The Plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: the tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA standards, whose resolution is readily achievable.

**Public Restrooms**

1.    The Plaintiff could not flush the toilet without assistance as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Sections 604.6 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

2.    The Plaintiff could not transfer to the toilet without assistance, as the grab bars are mounted at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

3.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

4.     The Plaintiff could not use the side grab bar without assistance as the toilet paper dispenser is mounted over the rear grab bar obstructing its use. Violation: There are items mounted over the grab bars obstructing their use and in violation of Section 4.17 of the ADAAG and Sections 604.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

F.     **As to Defendant Eldar Limited Company**

**Maintenance**

1.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

12.     All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13.     The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.     Defendants have discriminated against the individual by denying him access to full

9

and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.   Furthermore, the public interest would not be disserved by a permanent injunction.

16.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.    Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in

28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Shopping Center to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than

other individuals because of the absence of auxiliary aids and services.

       c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

       d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

       e.     The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendants to maintain its accessible features on an ongoing basis.

Respectfully submitted,

John P. Fuller, Esq. (FL Bar No. 0276847)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

Counsel for Plaintiff Carlos Brito